■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 19, 1975, upon resentence, convicting him of criminal possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review (1) a decision of the same court, dated April 21, 1975, which, after a hearing, denied defendant's motion to suppress physical evidence and (2) a further decision of the same court, dated April 22, 1975, which denied defendant's application to preclude the People from cross-examining him, should he testify, with regard to certain convictions. Judgment affirmed. The motion to suppress the gun was properly denied, since there was probable cause for the seizure of the weapon *(see People v Oden,* 36 NY2d 382, 384; *People v Chamberlain,* 46 AD2d 981). Likewise, the defendant's application to preclude the People from cross-examining him as to prior convictions was properly denied. The prior robbery and attempted larceny convictions were clearly relevant on the question of the defendant's veracity and the prior murder conviction, as a crime of calculated violence, was properly a subject of cross-examination (see *People v Sandoval,* 34 NY2d 371, 377). The fact that an appeal of the murder conviction was pending is of no moment. The trial court protected the defendant's interest by precluding inquiry as to specific prejudicial factors concerning those convictions. Finally, the record establishes that the People met its burden of proving the defendant's guilt beyond a reasonable doubt. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT

LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 27, 1974, convicting him of criminal sale of a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree (two counts), upon a jury verdict, and imposing sentence. (We are aware that the trial court, at sentencing, erroneously referred to the third count of the indictment as charging criminal possession of a dangerous drug in the third degree.) Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Whatever the merits of the case, it was prosecuted in such a manner that the defendant was not accorded a fair trial. Three specific instances were raised by defendant. Standing alone they might not warrant reversal, but cumulatively their effect was to unduly prejudice his rights. During jury selection the prosecutor informed the panel that the "Rockefeller program" of new drug laws did not apply to defendant. In effect, the statement conveyed the impression that defendant would be treated leniently if found guilty. Such a comment is impermissible. The jury has nothing to do with punishment. In the course of the trial itself, two police officers were indirectly qualified as expert witnesses when they spread their combined efficiency record for drug convictions on the record, to convey the obvious implication that Lee was guilty of the crime charged. Moreover, they were not called as experts. When Lee took the stand in his own defense, it was highly prejudicial for the prosecutor to comment on the 18 years he had served in prison. The prior conviction was relevant on the issue of credibility, but again the invidious implication that defendant was a person predisposed to sell drugs was manifestly unfair. These instances, when considered in light of the facts that Lee was arrested eight weeks after the consummation of a sale that took no longer than five minutes, that he vehemently protested his innocence, that he raised a serious question as to identity and that the jury was out for eight hours before bringing in a verdict, mandate reversal. Hopkins, Acting P. J., Margett, Cohalan, Rabin and Titone, JJ., concur.